# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALEXANDER C. ROMANZI,**

> **Plaintiff,**

**-vs-**                                                      **Case No.  6:07-cv-1848-Orl-DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

> **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration  without oral argument[1] on review of the Commissioner's administrative decision to deny Plaintiff's application for a period of disability and Disability Insurance Benefits under the Social Security Act.  For the reasons set forth herein, the decision is **REVERSED** and the matter is **REMANDED** to the Commissioner for further proceedings.

### PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for Disability Insurance Benefits (DIB) on September 28, 2004,[2] alleging disability as of March 1, 2001 (R. 110, 371).[3]  Plaintiff's application was denied at the initial and reconsideration levels and Plaintiff requested and received a hearing before an Administrative Law Judge (ALJ).  On March 7, 2007, the ALJ issued an unfavorable decision (R. 13-

---

[1]Although Plaintiff requested oral argument, the Court finds error is apparent on the face of the record, and argument is therefore unnecessary.

[2]The administrative record contains conflicting references to the date of the protective filing.  *See* R. 16 (referencing 9/24), and 110 (referencing 9/28).  The Court accepts the agency record at R. 110 and concludes the reference in the administrative opinion is in error.  For present purposes, the error is not determinative.

[3]The onset date was later amended to August 1, 2002 (R. 387).  Plaintiff's date last insured was December 31, 2006 (R. 60).

29A).  Plaintiff filed a timely Request for Review, which was denied (R. 9-11), making the ALJ's

decision the final decision of the Commissioner.  This appeal promptly  followed.

The parties have consented to the jurisdiction of the United States Magistrate Judge and the

matter is now briefed and ready for resolution.

### NATURE OF CLAIMED DISABILITY

Plaintiff alleged disability due to mental illness, a shoulder injury, obesity, and pain in his

back, legs, ankle and neck (R. 73, 371, 373-81).

### *Summary of Evidence Before the ALJ*

Plaintiff was 45 years old at the time of the hearing and hearing decision (R. 367), with a high

school education and past relevant work experience as a police officer and fountain server/clerk (R.

27, 76-78, 370).

The medical evidence relating to the pertinent time period (alleged onset through date last

insured) is well presented in the ALJ's detailed opinion and in the interest of privacy and brevity will

not be repeated here, except as necessary to address Plaintiff's objections.  By way of summary,

medical records from Plaintiff's treating physicians and mental health practitioners covering the

pertinent time period indicate that Plaintiff was diagnosed with and treated for  moderate to severe

left tarsal tunnel syndrome (R. 172-174, 201), low back pain, lumbar disc degeneration without

myelopathy, lumbar radiculitis, lumbrosacral myofascial pain syndrome, foot pain (*see* R. 288),

Bipolar Disorder, Attention Deficit Disorder and Anxiety Disorder NOS (R. 320).  Treatment records

also make frequent reference to Plaintiff's weight which, at the time of the hearing, was 315 pounds

(R. 368).

In addition to treating records, the administrative record includes opinions from Plaintiff's

treating psychiatrist, Jeffrey Krotenberg, D.O., and his psychologist, Rebecca Deal, PhD.  Dr.

-2-

Krotenberg opined that Plaintiff was not capable of sustaining work activity for eight hours a day, five days a week because he was unable to handle job stresses and unable to concentrate (R. 204).  Dr. Krotenberg also found that Plaintiff had marked restrictions of activities of daily living, frequent deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner in work settings or elsewhere, and repeated (three or more) episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation or signs and symptoms which may include deterioration of adaptive behaviors (R. 260).  Dr. Deal completed a Psychiatric Review Technique (R. 331-339) in which she noted that Plaintiff had difficulty with work or work-like behaviors due to interference from mood disruption and anxiety.  Dr. Deal opined that Plaintiff had marked restrictions of activities of daily living and marked difficulties in maintaining social functioning, and that he had frequent deficiencies in concentration, persistence or pace resulting in failure to complete tasks in a timely manner in work settings or elsewhere (R. 338).

In addition to treating records and opinions, the record contains evidence from an examining consulting physician (R. 157-164) and consulting state agency psychologist (R. 179-181), as well as non-examining physicians and psychologists (R. 165-171A, 182-195, 215-222, 223-240, 253-269, 331-339).  Additionally, Plaintiff was evaluated by a Vocational Consultant who reviewed the medical records and opined that Plaintiff "was not suited mentally" for certain work and could not identify any occupation within Plaintiff's exertional and non-exertional limitations, as reported in the medical records he reviewed (R. 142-144).  Also, Plaintiff appeared at his hearing, and testified as to his condition and limitations, and the record includes several reports from Plaintiff as well as others regarding his functional abilities and daily activities.  A Vocational Expert (VE) also appeared and testified at the hearing.

In his decision, the ALJ determined that Plaintiff had the severe impairments of an affective disorder; arthropathy; and obesity, but nonetheless had the residual functional capacity (RFC) to perform a restricted range of sedentary work (R. 18, 24).  The ALJ found Plaintiff  was not disabled within the meaning of the Social Security Act (R. 28).

### STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### ISSUES AND ANALYSIS

Plaintiff asserts that the ALJ's decision was not made in accordance with proper legal standards in that: 1) the ALJ violated Plaintiff's right to due process and a full and fair hearing before an impartial ALJ; 2) the ALJ did not apply the correct legal standard at step three of the sequential evaluation process; and 3) the ALJ did not apply the correct legal standard in determining Plaintiff's RFC.  The Court agrees that the decision is in error, but for different reasons.

### Due process and a charge of bias

Plaintiff couches his first argument in terms of a due process violation arising from the ALJ's alleged bias.  The Social Security Act "contemplates that disability hearings will be individualized determinations based on evidence adduced at a hearing."  *Heckler v. Campbell*, 461 U.S. 458, 467 (1983).  A claimant is entitled to a hearing that is both full and fair. *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. 1981).  The regulations dictate that "[a]n administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 404.940.  As the Eleventh Circuit previously held in *Miles v. Chater*, "[t]he ALJ plays a crucial role in the disability review process. Not only is  he duty-bound to develop a full and fair record, he must carefully weigh the evidence, giving individualized consideration to each claim that comes before him. Because of the deferential standard of review applied to his decision-making, the ALJ's resolution will usually be the final word on a claimant's entitlement to benefits.  The impartiality of the ALJ is thus integral to the integrity of the system." 84 F.3d 1397, 1401 (11th Cir. 1996) (citing *Johnson v. Mississippi*, 403 U.S. 212, 216 (1971)).

Here, Plaintiff asserts that the ALJ showed an unfair prejudice in his rationale for discrediting the opinions of the treating physicians. While the Court agrees that the ALJ erred in his evaluation of the treating providers' opinions, it does not find that the error was a result of bias; rather, the rationale for discrediting the opinions is not supported by substantial evidence.

-5-

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).  When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d).  However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

It is undisputed that the opinions of the treating psychiatrist and psychologist, if credited with controlling weight, would be dispositive on the issue of Plaintiff's ability to work.  Both providers

-6-

found Plaintiff to be incapable of the stress of work, and both VE's opined that such mental

limitations precluded work (R. 392-394, 142-144).  In addressing the opinions, the ALJ stated as

follows:

> The undersigned accords little weight to this opinion of Dr. Krotenberg as the doctor's
> own notes reveal that the claimant was responding to treatment, with an increased
> GAF.  It must also be considered that when Dr. Krotenberg  gave his assessment in
> February 2006, not even one year had passed since he had begun treatment with the
> claimant . . . and thus he could not have taken into account the positive response which
> the later records reveal.  Even at the time of assessment in February 2006, the
> treatment note of February 8 and the subsequent reports of psychiatric visits do not
> substantiate such a pessimistic opinion of the claimant's functionality and do not
> provide any evidence of repeated episodes of decompensation.  Thus, the undersigned
> cannot accord more than little weight to this pessimistic opinion.

(R. 21).

> The ALJ then addressed the records and opinion of Dr. Deal, and noted:

> The undersigned accords little weight to this opinion as Dr. Deal's treatment notes do
> not substantiate this extreme opinion nor is it substantiated in the other treatment
> records in evidence. *Furthermore, it must be considered that the assessment forms
> from Dr. Deal and Dr. Krotenberg may have been offered in an effort to assist a
> patient with whom the treating sources sympathized for one reason or another.
> Another reality which should be mentioned is that patients, or representatives on their
> behalf, can be quite insistent and demanding in seeking supportive reports from their
> physicians and psychologists, who might provide such an opinion in order to satisfy
> their patients' requests, avoiding unnecessary patient/doctor tension.  While it is
> difficult to confirm the presence of such motives, they are more likely in situations
> where the opinion in question departs substantially from the rest of the evidence of
> record.*

(R. 22 - emphasis added).  The ALJ then discusses the reports of the state agency non-examining

psychologists, according "great weight" to the most recent reviewer, finding that he had not only

expertise in the assessment of mental functionality as it pertains to the disability provisions of the

Social Security Act and regulations, but "he has the advantage of objectivity in making his

assessment." (R. 22).

-7-

In his Request for Review, Plaintiff objected to these remarks as factually unsupported and as indicating bias.[4]   The Appeals Council found the contention of bias was not supported, noting though that the ALJ "could have been more judicious in his choice of words. . ." (R. 6).   The Court agrees that bias is not apparent, but agrees with Plaintiff that the remarks are not supported by substantial evidence and, as such, the decision cannot stand.

As pointed out by Plaintiff, there is nothing to support the ALJ's consideration that the opinions of the treating providers were less than bona fide.   The Commissioner does not contend otherwise, but asserts that these are "isolated comments" and "the overall evidence, as outlined by the ALJ, supports his conclusions." (Doc. No. 12).   The law states that the treating physicians opinions must be given controlling weight, unless there is good cause to do otherwise.   The decision shows that the ALJ "considered" that the opinions were not genuinely held and rejected them in favor of an "objective" non-examining psychologist.   Absent any *evidence* that the providers offered their opinions merely to accommodate the patient, this rationale does not constitute good cause.   Although the ALJ provided other rationales for discrediting the opinions,  it is not possible to determine how much weight he gave to the improper consideration and it is not the task of this Court to re-weigh the evidence, in any event.   As the Court finds that a portion of the rationale provided for discrediting the treating physician was not supported by substantial evidence, the decision must therefore be reversed and the matter remanded for reconsideration.

In holding that the ALJ erred, the Court does not find that the error was due to bias against this Plaintiff, his counsel, or the doctors.   Just as there is no evidence that the providers' opinions were

---

[4]Only the first page of the Request for Review is contained in the administrative record (R. 342).  Plaintiff includes the rest of the Request as an exhibit to his brief (Doc. No. 11-2).  Absent any objection by the Commissioner, the Court accepts the document as a stipulated exhibit.

not genuinely held, there is no evidence that the ALJ made those comments because of any partiality, personal experience or animosity.  Rather, it appears that in trying to reconcile what he believed to be inconsistent positions, the ALJ speculated as to a conclusion that is not supported by the evidence. Bias requires a showing of more than mere error. As there is no reason to believe that the ALJ was nothing other than mistaken, this Court finds no reason for assignment to a new ALJ, upon remand.

Although not necessary to the disposition of this matter in view of the foregoing, the Court addresses the remaining contentions for the sake of completeness.

### Step three of the evaluation

The ALJ must follow five steps in evaluating a claim of disability.  *See* 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  29 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Plaintiff asserts that the ALJ erred in failing to determine whether Plaintiff's impairments met or equaled the Listings with respect to mental illness.

The listing of impairments in the Social Security Regulations identifies impairments which are considered severe enough to prevent a person from gainful activity.  By meeting a listed impairment or otherwise establishing an equivalence, a Plaintiff is presumptively determined to be

disabled regardless of his age, education, or work experience. Thus, an ALJ's sequential evaluation of a claim ends if the claimant can establish the existence of a listed impairment. *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984). However, at this stage of the evaluation process, the burden is on the plaintiff to prove that he or she is disabled. *Bell v. Bowen*, 796 F.2d 1350, 1352 (11th Cir. 1986); *Wilkinson v. Bowen*, 847 F.2d 660, 663 (11th Cir. 1987). In this circuit, a plaintiff must present specific findings that meet the various tests listed under the applicable listing. *Bell*, 796 F.2d at 1353. Mere diagnosis of a listed impairment is not enough as the record must contain corroborative medical evidence supported by clinical and laboratory findings. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).

Applied here, Plaintiff contends that the ALJ did not consider whether Plaintiff met or equaled listings for mental illness, based on the findings of Dr. Krotenberg. As noted above, however, as the Court has found that the opinions of Dr. Krotenberg need to be reconsidered, this point is moot. Upon remand, the ALJ shall consider whether Plaintiff meets or equals Listings 12.04A1, 12.04A2, or 12.04A3 and 12.04B.

### Residual Functional Capacity determinations

Plaintiff last contends that the ALJ erred in finding that it was his responsibility to access RFC, and not that of the treating physician (R. 27). Plaintiff is mistaken. As pointed out by the Commissioner, the responsibility for assessing a claimant's RFC rests with the ALJ. 20 C.F.R. § 404.1546(c);. *see also* 20 C.F.R. § 404.1545(a)(1).

## CONCLUSION

For the reasons set forth above, the administrative decision is not consistent with the requirements of law and is not supported by substantial evidence. Accordingly, the decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), for additional

proceedings not inconsistent with this opinion.  The Clerk of the Court is directed to enter judgment and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on January 5, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record