# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALEXANDER C. ROMANZI,**

        **Plaintiff,**

**-vs-**                                       **Case No. 6:07-cv-1848-Orl-18DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO EXTEND TIME TO FILE PETITION FOR FEES (Doc. No. 18)**
>
> **FILED:** **January 6, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

At issue is the conflict between counsel's statutory right to file a petition for attorney fees under 42 U.S.C. § 406(b), and the time limits set forth in the federal and local rules. The statute allows for a court to award a reasonable attorney's fee not in excess of 25% of the past due benefits found to be due a social security claimant, "as part of its judgment." According to Rule 54 (d)(2)(B), Fed. R. Civ. P., and Local Rule 4.18(a), all claims for attorney's fees preserved by appropriate pleadings shall be asserted by separate motion filed not later than 14 days following the entry of judgment.

The difficulty, of course, is that a judgment remanding the case for additional proceedings rarely (if ever) results in agency action immediate enough to give rise to a claim for attorney's fees in a timely manner. Put simply, at the time of a judgment of remand, counsel has no way of knowing whether his client's claim will be ultimately successful (thus, giving rise to counsel's own claim for attorney's fees) or not. While the Court recognizes that counsel is therefore not in a position at the time of judgment of remand to seek fees for past-due benefits that have yet to be awarded, it is still imperative from a jurisdictional standpoint that the issue be preserved for consideration at a later date.

Thus, the motion is **granted, in part.** The Court hereby reserves jurisdiction to consider a future petition for fees under 42 U.S.C.§ 406(b). Any such petition shall be filed no later than 30 days after any action giving rise to entitlement to fees. As Plaintiff has represented to the Court (unopposed by the Commissioner) that the calculation of past-due benefits and the appropriate attorney's fee cannot be determined with any reasonable certainty and may take several months, the 30 days shall begin to run from the date a final determination is reached. Plaintiff's counsel is advised that if fees are likely to be sought in future applicable cases, counsel must include in the Complaint **a request that the Court reserve jurisdiction to consider entitlement to said fees in any judgment of reversal and remand**.

**DONE** and **ORDERED** in Orlando, Florida on January 9, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record